Okay the next case before the court is 20-1528 Ethicon LLC v. Intuitive Surgical, Inc. In this case we have both an appeal and a cross appeal from a decision of the Patent Trial and Appeal Board. Mr. Ferguson you're going first with respect to the main appeal and as I understand it you want five minutes for rebuttal is that correct? Yes your honor. Okay if you're ready you may proceed. Thank you. Good morning and may it please the court Brian Ferguson for Ethicon. With respect to Ethicon's main appeal the evidence before the board showed that there's three relevant types of surgical systems at the time of the 431 patent. The first type were the devices where the surgeon holds and manually operates the device like in figure one of the 431 patent. The second type were the robotic systems shown in figures 34 and 35 of the 431 patent and also in figures 1 and 2 of the prior R Tierney patent where robotic arms moved and manipulated the surgical tools while the surgeon was remotely located at a control panel. And the third type were motor controlled surgical tools under a computer direction but where the surgeon still physically held the device during the surgery. And an example of that third type is the Whitman prior art and there were other publications describing the same at appendix 1915 to 1930. The board erred when it construed the claims of the 431 patent so broadly that it found them anticipated by the third type of device when the claims are plainly directed to the second type of system and as such when properly construed are not anticipated by Whitman. Ethican raised two claim construction issues before the board. Robotic system and tool mounting portion which together in the context of the disclosed invention confirmed that the claims do not cover Whitman's handheld system. First counsel can we talk about the mounting question first I'm having a hard time understanding exactly what you're blue brief. Is it your claim that the mounting tool portion is what provides support for the surgical tool or are you arguing that the robotic system provides support for the surgical tool? Good question your honor it's it's both. Thank you that's why I asked it. I'm kidding go ahead. The tool mounting portion is on the surgical tool and it is then mounted to the robotic arm of the robotic system. So the tool mounting portion what is being mounted is the tool itself to the robotic arm of the of the robotic system. Mr. Ferguson this is Judge Stoll. It seems to me in looking at the plain claim language and the specification it seems equally plausible that the tool mounting portion the mounting term that you are emphasizing the board didn't give enough effect to that that could also reasonably mean that the tool is mounted on the tool mounting portion and the board's construction does at least have some of that in it by saying that I think it's the transmission is supported by the tool mounting portion and other parts of the tool they use the word support which comes from the plain claim language itself later in the claim but nonetheless what why is it that I'm supposed to understand that the tool that it's mounted on the robotic system as opposed to what might you know in the plain claim language they seem to be more logical which is that the tool is mounted on the tool mounting portion. In the context of what's written in the specification your honor I think it's very clear that the tool mounting portion as described is the portion that's mounted to the robotic arm for example at column 28 this is at appendix 190 the first paragraph which begins at one line one going down through line 16. It says specifically that the surgical tool 1200 so that's the tool is operably coupled to the manipulator the tool mounting portion generally designated as 1300 and and that's the that's shown in figure 38 for example which is that appendix 93 the the tool the end effector is obviously the the rod that's coming out of the box the is mounted to the robotic arm manipulators. Would you say though that this the tool that's coming out of 1300 is also supported by 1300 as it's attached in there? That is definitely true and we do not take issue with that because that is specified in the claim language itself. Our issue is that the claim tool mounting portion to address as as what your honor just raised that the tool is is attached to that but but does not take into account that the specification describes the tool mounting portion as being supported and connected to the manipulators the robotic arms of the robotic system itself. So where the board we believe the board did say that it's operably coupled that is the tool mounting portion I think they said was operably coupled you just want more than that you want it to be that the tool mounting portion is actually supported by the robot right robotic system. That is that's right because that is the entire context of this particular invention. The the the whole point of this invention was to take existing end effectors which are which are the the surgical staplers and be able to use them on these robotic systems and the only way that is what's shown in the specification which is where they are mounted to the robotic arms and we think the board's construction was just too broad. Yes it is the broadest reasonable interpretation but it's unreasonable to interpret tool mounting portion in this context to not be mounted to the robotic arms of the robotic system. Counsel this part of the problem. Mr. Judge Clevenger so what if it is mounted to that the shaft assembly and the is is being operably supported on the tool mounting portion not operably supported by the tool mounting portion. Why isn't it enough just to have it connected to the tool mounting portion? And and that I think is covered in in the claim your honor but what is this? I'm pointing out the difference between the word on and the word by and the transmission arrangement is operably supported on the tool mounting portion not supported by so it's not supporting the way though. And I might not be understanding your question entirely your honor and I apologize for that but I do think that the in the context of the specification again the tool. Help me out what's what's precisely wrong with the board's interpretation structure for operable attachment to the tool drive assembly. So they're going to have it they they agree that it's going to be operably attached to your tool drive assembly. You agree with that part of the interpretation? We do because that's the language. Okay yeah that's the language of the claim and then they say it operably supports the elongated shaft assembly which is what the language calls for and and it operably supports a transmission arrangement. What's missing? Don't you agree that that interpretation is correct insofar as it goes? It is, it is. There were there were we believe there are three requirements of the tool mounting portion the board. Tell me, help me out and say what what has to be added to the precisely added to the to the board's interpretation? What words to satisfy you? The board needed to recognize that the tool mount. Can you add the words? Yes yeah the tool mounting portion is attached to a support which is the manipulator of the robotic arm. That's what's missing and as a result of missing. This is Judge Stoll. Can I ask you a question? If with your construction wouldn't you be rendering the language operable attachment to the tool drive assembly the robotic system redundant? No because there's a difference between operably which means that it is then under control and physically which means it is attached to that or it is is lacking. I have one more question before you save your rebuttal time. So why should the claim term encompass the robotic system when the function that it appears to be served with respect to this claim is directed to supporting the surgical tool? Well again your honor this this goes to the to the disclosure and the specification. The claim can't be broader than what is disclosed in the specification and reasonably what is disclosed in the tool has to be mounted to the robotic arm. This is part of the problem here is that you know this looks very much like a means-post function claim and if it's not then the claim language itself has to really call out the structure and you're asking us to go through several steps to figure out what the structure is. Noah again I think the board said that no one interpreted this term below as being a means-post function term. If I may take one minute and I know I'm in my rebuttal I'll use that. I also did want to discuss the term robotic system in my opening argument because there again the board construed robotic system too broadly. There is only one robotic system disclosed in the entire specification. It's robotic system 1000. It requires the control unit and the car having a robotic manipulator arms and to construe the claim so broadly that the robotic arms are missing or not included is again not consistent with the specification. If there are any questions on that otherwise I'll reserve my my Thank you, Your Honors. So I'll address the appeal briefly and then move on to the cross appeal. On the tool mounting portion I think that Your Honors expressed through their your questions their understanding of the issues here and I think as Your Honors pointed out you know the tool mounting portion the word mounting doesn't state where the mounting occurs even under Ethicon's construction of that and I guess the one thing I did hear my friend mention is that you know the specification repeatedly says the tool mounting portion must be mounted to the robot and of course that's not correct and in fact the passage that my friend read on column 28 at appendix 190 doesn't say that assuming I presume this is the best passage they have for their position and as he read it it says that the the assembly is operably coupled to the tool through the tool mounting portion so there's no requirement of mounting it's not in the spec and of course it's not in the claim. With that I will just touch on robotic system very briefly as we pointed out in our briefs that the patent specifically does and is discussed in the final decision the patent specifically discusses that other types and forms of robotic systems other than just the particular one disclosed is covered so there's really no question there's not a definition here and I just also want to point out that at appendix 2158 we pointed out in our briefs that Dr. Cimino admitted that their requirement you have a slave cart for example and he admitted that so given that admission not sure why they keep arguing that somehow there's a definition when their own expert disagrees. Turning to the cross feel the issue here is that the board when it went to obviousness did perform the wrong obviousness analysis and frankly we believe in direct contradiction of would be at a general level obvious to combine all sorts of different instruments with the tyranny robot and this is that makes sense and that's at appendix 28 and but then the board just stopped there the board should have said okay so it's obvious it would have been obvious to combine the two there's no dispute that all the elements would be there but then the board essentially said now you need to show not only a motivation to convert Whitman to be connected to a robot you need to show a motivation to keep the Whitman shifter intact as opposed to ripping it out and there is no requirement for that in the law of obviousness and in fact it's I really don't even understand your KSR argument I mean you're basically trying to say that you're going to substitute the motivation to combine requirement for for some kind of a benefits requirement actually your honor it's our understanding from KSR that the motivation to combine it comes from finding a benefit some benefit to the combination and that would motivate one of skill in the art to make the combination and so what our KSR argument is this your honor I think in KSR there was an Asano pedal that had all sorts of features that went beyond a typical adjustable pedal in fact it had the ability you know to you know equalize the force as the pedal was pressed down and they said and the argument was well you know you wouldn't necessarily pick this reference there's other adjustable references adjustable pedal references to back and what the Supreme Court I well that's not correct you might start with from scratch and just build a basic adjustable pedal but you also might take the pre-existing ones such as Asana and so if it would be obvious to take an adjustable pedal and add an electronic throttle control that would be obvious to apply to all the adjustable pedals including Asana and what we're saying is that's exactly what we have here you start with Whitman right Whitman is a surgical stapler with a shifter built in and then the question is would it have been obvious would have been a motivation to modify Whitman to be connected to the tyranny robot and the boards pretty much has already said yes yes we see the tyranny does make a suggestion to make this combination and we pointed out that isn't part of the that Whitman's shifter is optional and didn't the board say that's not that's not sufficiently motivating right and that's a factual conclusion actually honor we think that's a legal error in the obviousness analysis because we concede that the shifter is optional in that there are two embodiments what we're saying is if I have a Whitman device with a shifter would have been obvious to take that and make it and roboticize it and so connects to the tyranny robot would there be a benefit to making that connect to the tyranny robot and once and there is a benefit it doesn't matter whether the shifter is needed or not in that circuit there's a benefit to making that Whitman device work with the robot and we believe that's what KSR says that you don't parse out all the different functionality in the primary reference if it's obvious to adapt Whitman for use with a tyranny robot it's obvious to use the shifter in Whitman it's already there what could be more obvious right in some sense optional features come along for free you know if it's obvious to convert a car from diesel to gasoline or gasoline to electric and that car is prior car has a radio in it well it would have been obvious to keep the well you know it's because it's disclosed you know you you argued that that told the board that Whitman and tyranny individually displayed more than four functions in other words that they each displayed for function more than four functions and you cite a bunch of stuff in your blue brief but I don't in none of those appendix sites I think support what you're saying all they suggest is that that collectively there were more than four functions but it doesn't say that either one used more than four functions okay I'm sorry I must have misspoke I said that's correct too quickly so let me be clear what our position is tyranny shows four functions Whitman shows four functions they are a different set of four functions that's what we've argued we said was when you would want the combined benefit of all those functions and so the key is not but none nothing in the prior art ever ever operated with more than four functions right even if they had different functions no no that's incorrect your honor the basic surgical stapler would have with a single axis articulation is four functions a basic surgical stapler with dual axis articulation has five functions the dual axis articulation is an example of that in the record that Tim referenced exactly the Tim application which is prior art which we used to combine for claim 11 is a dual axis stapler that has the five functions so the prior definitely shows that but we're also saying that one of skill in the art seeing that tyranny discloses dual axis articulation would like to keep that in the combination and therefore it's totally appropriate to say you have five functions the four of Whitman plus the dual axis articulation that tyranny teaches now if there's no more question on that I want to show that even if the score isn't that the assuming that we disagreed with you on isolating out the shifter as part of the analysis no I took it to be your argument that because there were five functions that would be a need to use the shifter and therefore there would be a reason to include the shifter is that correct that is correct so it turns on the on the existence in the prior art at five motions and so you'd argue that the board just committed a clear error when they said there's no known system more than four functions correct your honor but we would say did you say that in your petition exactly I'm trying to figure that out okay so in our petition what we said is you could have more than four functions and you could want the tyranny functions as well and so in our petition we discussed the dual axis of tyranny at let me find that citation that's important appendix three yeah so we appendix right so the appendix three zero nine three oh nine three oh nine there is a discussion of tyranny having dual axis capability I'm looking at so if you look towards the yes yeah at the bottom of that first paragraph it describes tyranny and this is showing that meets the element surgical end effector configured to selectively perform at two actions and it says it has it shows articulation of the wrist about a first and second axes a1 and a2 as well as into actuation of the two element and defector and then on the next page what this is on a 309 appendix 309 correct your honor towards the bottom of the paragraph it mentions that the tyranny provides two axis articulation for I don't to act about a first and a second articulation risk about a first and a second axes is that we're talking about yes yes your honor and then if you turn the page on 310 it shows a picture and it points out that for our mapping action one is articulation of an end or about axis a1 and action 2 is movement about axis a2 and so it's showing the articulation or does that how does that equate to the five punctual oh because when you're combining Whitman with tyranny Whitman has four but only single axis articulation but we're already mapping tyranny showing the tyranny has two axis articulation and so when you combine them you get the five functions but now you need to do you need to accept that much literally in the petition I don't see that actually your honor we don't say that what we say is you could have more than four functions possibly up to six to eight we discussed that in the petition we don't use the words oh by the way you know once you combine tyranny's two functions with Whitman's four functions you get five or six functions we didn't that statement is not there but we think the import the fact that we're combining tyranny with Whitman and tyranny is we're clearly relying on tyranny for two axis articulation which is something Whitman doesn't have that when you combine it with Whitman you would carry that so and we had other motivations as well that the board just kind of disregarded the most significant probably being the the fact that you could control they're basically arguing that in order to combine tyranny with Whitman you need a shifter no actually we're not we're saying in order to combine Whitman with tyranny and get the benefit of tyranny's second axis you need a shifter or if you want to combine Whitman and tyranny and get the benefit of reducing the number of drives so you simplify the robot you would need a shifter and what I mean is you're saying in order to get the full use of a combination of the two you need a shifter yeah well I want to be careful your honor I think you're right you're right we do believe that but there are but it would have been obvious to less than full uses as well but our point is there are many ways to make combination to be obvious and you don't just pick you know the least you know the least troublesome path so to speak you know both Whitman with a shifter is obvious Whitman without a shifter is obvious they're both equally obvious the idea that the shifter somehow it wouldn't been obvious to keep the shifter when it's sitting in Whitman is what we say is where the board had legal error okay mr. cast we need to hear from mr. Ferguson thank you thank you your honor three three points first on robotic system and this is on at the cons appeal we believe the statement at column 26 lines 37 to 40 is is definitional if it's not certainly the specification only describes one robotic system which is consistent with that statement intuitives counsel stated that our expert dr. Samino conceded that that our construction was wrong that's just not true at appendix 2158 you can read his testimony he's asked a question about a totally hypothetical scenario there is no evidence in the record of that is not a concession on tool mounting portion I'll point to column 34 at lines 50 to 55 as another example this is this state the tool embodiment describes an interface arrangement that's particularly well suited for mounting the robotically controllable medical tool on to at least one form of robotic arm that's the tool mounting portion it's mounted to the robotic arm turning to intuitives appeal there needed to be evidence that a pasita would have combined Whitman and tyranny and kept Whitman shifter mechanism and making the combination and the board made factual findings that the evidence supporting that combination was lacking the evidence showed that even if there was a combined Whitman and tyranny they would not have included the shifter mechanism in that combination because it would have been unnecessary there were the board made factual findings on this appendix 3403 to 3408 is the testimony of our expert appendix 3460 to 61 is their experts concession that the shifter is not necessary in Whitman an optional embodiment and appendix 3474 to intuitives expert agreeing that there are only four functions set forth in Whitman and in tyranny the portion of the petition that mr. Katz cited at appendix 309 to 310 that does not support the argument that there are more than four functions in fact it shows instead the petition at page 310 figure six that shows four drive elements that are labeled there and pointed to this was a situation where if the come if the art was combined you would end up with four drive elements driving the four driven elements in Whitman there was no need for a shifter the board specifically found that appendix 24 and so I just want to ask you a quick question the board said that there was no prior art that had five functions do you agree with that I mean I I'm looking at Tim and I'm not sure that's correct what's your response my response your honor is that intuitive never pointed the board to specifically any prior art that does have more than four functions it's been obvious to modify these two references in order to have more than four functions in order to have the shifter you would want to have you include the shifter in order to have more than four functions I don't know that they knew that they had to say that additional point that there is priority has more than four functions given the the board I believe your honor made factual findings to that extent and if and if that was intuitive's argument it should have been made clear in the petition and it was not and as we pointed out on our yellow brief at pages 33 to 39 intuitive made numerous new arguments on appeal that it never presented before the board I believe I'm out of time unless it has any other question or unless the panel has any other questions any questions no okay I guess not so we'll go back to mr. Katz thank you your honor so yeah so the board's statement that we provided no motivation is not supported by that fact there are a lot we pointed out lots of bases and we talked about that Tierney one before him but one I think that I believe just should be dispositive we pointed out that one of the benefits of a shifter is that you can control one function at a time and you're going to basically make sure you don't control two functions simultaneously so you don't articulate and fire at the same time this is was in dr. Nodell's expert declaration and I'll direct your attention to appendix one three seven eight where dr. Nodell states that and now they say well this wasn't quoted in the petition well it wasn't quoted but certainly paragraph 54 of dr. Nodell's declaration which is what I'm pointing you to was cited in the petition for support if I may just finish that one thought yes you may and in fact far from bearing this we brought this up at oral argument at appendix 246 to 4247 I read portions of this into the record and the board didn't deal with it and so they ignored a clear benefit of keeping the shifter and that alone we believe warrants reverse what appendix 246 and 247 is that what you said appendix 246 and 247 is the oral argument appendix one three seven eight is the declaration okay anything else count um from the other judges no thank you okay thank you counsel the case will be submitted thank you very much